# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| EVOX PRODUCTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CARGURUS, INC. and DOES 1-10, <br><br> Defendants. | 5:25-cv-00856-SSS(DTBx) <br><br> **[~~PROPOSED~~] STIPULATED ORDER RE: ELECTRONIC DISCOVERY PROTOCOL** <br><br> Judge: Hon. Sunshine S. Sykes <br> Magistrate Judge: Hon. David T. Bristow |

[~~PROPOSED~~] STIPULATED ORDER RE: ELECTRONIC DISCOVERY PROTOCOL
Case No. 5:25-cv-00856-SSS(DTBx)

The parties agree to the following protocol ("Protocol") regarding the discovery and production of electronically stored information ("ESI") in the above-captioned case. To the extent this Protocol does not address certain issues, those issues remain open for resolution in a separate protocol, either negotiated by the parties or ordered by the Court. Nothing in this protocol alters a party's rights, obligations, or responsibilities under the Federal Rules of Civil Procedure. The parties believe, at this juncture, this Protocol will provide for effective and efficient discovery of ESI in accordance with the Federal Rules of Civil Procedure.

Nothing in this Protocol is intended to limit, replace, or supplant any party's obligations under the Federal Rules of Civil Procedure. Each party remains responsible for conducting reasonable and proportional searches for responsive information and for producing all nonprivileged, responsive materials in accordance with the Federal Rules of Civil Procedure, regardless of whether such materials are specifically addressed by this Protocol.

I.     **GENERAL PROVISIONS**

   A.     **Reasonable Efforts.**  The parties agree the manner of production of ESI is to be governed by <u>Federal Rules of Civil Procedure 26(b)(2)</u> and 34(b)(2)(E). The parties further agree to use good faith efforts to produce all responsive identified ESI as promptly as practicable in accordance with the agreed-upon specifications set for the below.

   B.     **Security.**  The parties will make reasonable efforts to ensure any productions made are free from viruses and are provided on encrypted media.

   C.     **Production Format.**  ESI will be produced under the specifications outlined in Paragraph V. Documents falling outside the scope of Paragraph V will be discussed before production to determine an acceptable production format.

[~~PROPOSED~~] STIPULATED ORDER RE: ELECTRONIC DISCOVERY
PROTOCOL
Case No. 5:25-cv-00856-SSS(DTBx)

**D.    Production Transmittal.**  Documents will be produced either via secure file transfer protocol ("SFTP"), external hard drives, readily accessible computer(s), or other electronic media.

## II.    DOCUMENT SOURCE IDENTIFICATION

**A.    Custodians.**  The parties will identify and disclose, at the request of the other party, a list of up to five (5) custodians most likely to have relevant documents in their possession, custody, and control.   The list of custodians shall include a brief description of each person's title and responsibilities, including their role in the dispute.  The parties reserve their rights to request discovery from additional custodians for good cause shown.  The parties will confer to attempt to resolve any disputes relating to requests for discovery from additional custodians on a good faith basis prior to seeking the Court's intervention.

**B.    Non-Custodial Data Sources.**  The parties will identify and disclose a list of non-custodial data sources containing non-duplicative relevant documents at the request of the other party.  The list of non-custodial data sources shall include a general description of each source (e.g. SharePoint site, shared network folder).

## III.    SEARCHING

**A.    Search Terms.**  The parties agree to the use of search terms to the extent necessary to locate potentially relevant ESI. Absent a showing of good cause, a requesting party may request no more than ten (10) additional terms to be used in connection with the electronic search. Focused terms, rather than over-broad terms (e.g., company names), shall be employed.

**B.    Locations to be Searched for Responsive Documents.**  The parties agree to search custodian computers, network shares, email, external media, and central repositories, including central databases, or relevant

portions thereof to the extent the party reasonably anticipates they contain non-duplicative responsive documents. The parties agree to meet and confer to limit the scope of production if the search of locations the producing party anticipates to contain responsive documents is unduly burdensome or is likely to be unreasonably inefficient in identifying relevant documents. Specifically, the parties recognize certain repositories may not be searched effectively or reasonably. The parties agree to notify each other of any such repositories containing responsive documents. The parties will then meet and confer to discuss the collection of responsive documents from such repositories.

C. **Locations not to be Searched for Responsive Documents.** The parties agree, absent a showing of good cause, the following need not be searched or preserved other than as in the normal course of business:

    i. Deleted, slack, fragmented, or other data only accessible by forensics.

    ii. Random access memory ("RAM"), temporary files, or other ephemeral data difficult to preserve without disabling the operating system.

    iii. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    iv. Data in metadata fields frequently updated automatically, such as last-opened dates.

    v. Back-up data substantially duplicative of data more accessible elsewhere.

    vi. Voice messages.

    vii. Instant messages not ordinarily printed or maintained in a server dedicated to instant messaging.

[PROPOSED] STIPULATED ORDER RE: ELECTRONIC DISCOVERY PROTOCOL
Case No. 5:25-cv-00856-SSS(DTBx)

viii.    Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone, Android, and Blackberry devices), provided a copy of such mail is routinely saved elsewhere.

ix.    Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided a copy of such information is routinely saved elsewhere.

x.    Logs of calls made from mobile devices.

xi.    Server, system or network logs.

xii.    Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided such data is not ordinarily preserved as part of a laboratory report.

xiii.    Data remaining from systems no longer in use that is unintelligible on the systems in use.

xiv.    Personal digital assistants.

xv.    Mobiles phones.

xvi.    Instant messaging logs.

xvii.    Voicemail systems.

xviii.    Automated disaster recovery backup systems and/or disaster recovery backup tapes.

The parties further agree, notwithstanding the foregoing, to search for responsive documents identified as being stored on an identifiable, locatable, and reasonably searched archival storage medium when those responsive documents cannot be located in any other location.  In addition, nothing in this paragraph shall limit a receiving party's right to request from a producing party more information about the nature of and burden associated with obtaining documents from a particular location.

[PROPOSED] STIPULATED ORDER RE: ELECTRONIC DISCOVERY PROTOCOL
Case No. 5:25-cv-00856-SSS(DTBx)

The parties further recognize their obligations to preserve any potentially relevant sources of data, whether live or in archival form, for purposes of this litigation.

## IV. ESI PROCESSING

A. **Deduplication.** Parties are only required to produce a single copy of a responsive document and may de-duplicate responsive ESI across custodians (based on MD5 or SHA-1 hash values at the document level). For emails with attachments, the hash value will be generated based on the parent/child document group.

B. **System File Removal.** The Parties will make their best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values to be filtered out in this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of system file types based on file extension may also include, but are not limited to: WINNT, LOGS, DRVS, C++ Program File (c), C++ Builder 6 (cpp), Channel Definition Format (cdf), Creatures Object Sources (cos), Dictionary file (dic), Executable (exe), Hypertext Cascading Style Sheet (css) JavaScript Source Code (js), Label Pro Data File (IPD), Office Data File (NICK), Office Profile Settings (ops), Outlook Rules Wizard file (rwz), Scrap Object System file (dll), Temporary File (tmp), Windows Error Dump (dmp), Windows Media Player Skin Package (wmz), Windows NT/2000 Event View Log file (evt), Python Script files (.py, .pyc, .pud, .pyw), and Program Installers.

C. **Metadata Extraction.** Each of the metadata fields listed in Paragraph V(A) will, where possible, be preserved and extracted.

5

[~~PROPOSED~~] STIPULATED ORDER RE: ELECTRONIC DISCOVERY
PROTOCOL
Case No. 5:25-cv-00856-SSS(DTBx)

**D.    Text Extraction.**  Textual information associated with a document must be extracted from the document when possible.  Text must be extracted as to preserve Unicode characters.  Performing optical character recognition ("OCR") on a document is only acceptable when the document does not contain extractable information (e.g., non-searchable PDFs) or the document contains redactions.

## V.    PRODUCTION OF ESI

**A.    Metadata.**  The following metadata fields will be provided, if available, for each document:

| Field | Notes |
| --- | --- |
| Production::Begin Bates | Beginning Bates number |
| Production::End Bates | Ending Bates number |
| Production::Begin Attachment | Bates number of first page of family range, e.g., first page of an e-mail |
| Production::End Attachment | Bates number of last page of family range, e.g., last page of last attachment to an e-mail |
| Attachment Name | Lists the file name(s) of each attachment to an e-mail message, separated by semicolons, extracted from metadata. Only present on parent items. |
| Record Type | Type of the record – e-mail or efile |
| Author | Original composer of document extracted from metadata of document. This field will be empty for e-mails. |
| E-mail From | Originator of e-mail file extracted from metadata |
| E-mail To | List of recipients or addressees for an e-mail extracted from metadata |
| E-mail CC | Recipients of 'Carbon Copies' of the e-mail message extracted by software |

6

[PROPOSED] STIPULATED ORDER RE: ELECTRONIC DISCOVERY PROTOCOL
Case No. 5:25-cv-00856-SSS(DTBx)

| | |
|---|---|
| E-mail BCC | Recipients of 'Blind Carbon Copies' for e-mail message extracted by software |
| E-mail Subject | E-mail subject field extracted from metadata |
| Custodian | Custodian associated with (or assigned to) the processing set during processing |
| Document Extension | Three-character extension of document that represents the file type to Windows Operating System created by metadata extraction software |
| Date Created | Date and time from the date Created property extracted by the metadata extraction software from original file |
| Date Last Modified | Date from the Modified property of a document, representing the date and time that changes to the document were last saved extracted by metadata extraction software |
| Date Received | Received date and time of an e-mail message (according to original time zones) extracted by metadata extraction software |
| Date Sent | Sent date of an e-mail message (according to original time zones) |
| Time Received | Received time of an e-mail message (according to original time zones) |
| Time Sent | Sent time of an e-mail message (according to original time zones) |
| Time Created | Creation time of a document (according to original time zones). |
| Time Last Modified | Time when the document was modified (according to original time zones). |
| Relativity Image Count | Pages |
| File Name | Original name of file extracted from metadata. |
| File Type | |

7

[PROPOSED] STIPULATED ORDER RE: ELECTRONIC DISCOVERY PROTOCOL
Case No. 5:25-cv-00856-SSS(DTBx)

| File Size | Generally a decimal number indicating the size in KB or MB of a file. |
| Email Folder Path | Original name of folder extracted from metadata. |
| Confidentiality | Coding choice field to store Confidentiality of a document. |
| MD5 Hash | Identifying value of an electronic record that can be used for deduplication and authentication generated using the MD5 hash algorithm. |
| Title | Title information saved in metadata with document. |
| Prod OCR | Production OCR |

Metadata will be provided in a delimited-text file as described in Paragraph V (E)(ii).

B.    **Images.**    All documents, with the exception of those described in Paragraph V (C), will be imaged and produced in single-page, Group IV, black and white TIFF images.    Each image will be branded with the confidentiality designation and unique Bates number, in the lower-left and lower-right corners, respectively.    Each image will be named by its Bates number.    If the need to view a particular document in color arises, a party may request production of color JPEG images for the document.

C.    **Native Files.**    Native versions of documents are to be produced for file types not conducive to image review.    Examples of these file types are: spreadsheets, audio files, video files, CAD drawings, database files, computer code, etc.    For each natively produced file, a TIFF placeholder will be included.    The placeholder will state "THIS FILE PRODUCED NATIVELY" and will be branded with the confidentiality and Bates number as described in Paragraph V(B).    The native file will be named

8

by the Bates number of the document followed by the confidentiality designation assigned (i.e., "BATES00000001_CONFIDENTIAL.XLS")

**D.** **Text.** The textual information of each document, as described in Paragraph IV(D), will be provided in a document-level, UTF-8 encoded file with a ".TXT" extension. Each text file will be named by the first Bates number of the document.

**E.** **Load Files.** Files to load document and image level metadata and documents will be produced.

  i. **Images.** A standard Opticon (.OPT) file, referencing all produced images, one image per line, will be provided for the importing of images into a document review database. The format of the .OPT file is as follows:

```
BATES00001,VOLUME,IMAGES\001\BATES00001.TIF,Y,,,3
BATES00002,VOLUME,IMAGES\001\BATES00002.TIF,,,,
BATES00003,VOLUME,IMAGES\001\BATES00003.TIF,,,,
BATES00004,VOLUME,IMAGES\001\BATES00004.TIF,Y,,,2
BATES00005,VOLUME,IMAGES\001\BATES00005.TIF,,,,
```

  ii. **Metadata.** A standard Concordance DAT (.DAT) file, in UTF-8 format, containing the metadata fields listed in Paragraph V(A) will be provided for the importing of text, native files, and metadata into a document review database. The .DAT will be delimited with the following characters:

| Value | Character | ASCII Number |
|---|---|---|
| Column | ¶ | 20 |
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value | ; | 59 |
| Nested Value | \ | 92 |

**VI.    PRIVILEGED DOCUMENTS OR INFORMATION**

9
[PROPOSED] STIPULATED ORDER RE: ELECTRONIC DISCOVERY PROTOCOL
Case No. 5:25-cv-00856-SSS(DTBx)

**A.    Disclosure.**    There is no duty to disclose privileged documents or information.

**B.    Privilege Log.**  By August 17, 2026, the parties shall exchange privilege logs identifying any documents or information withheld as privileged or otherwise protected and the basis for any claim of privilege or other protection in a manner, without revealing information itself privileged or otherwise protected, enabling the other parties to assess the applicability of the privilege or other protection.  The parties will confer to attempt to resolve any disputes relating to protection on a good faith basis prior to seeking the Court's intervention.  A party may move the Court for an order compelling the production of any withheld documents or information identified on any other party's privilege log.

**C.    Inadvertent Production of Privileged Documents or Information.**  The inadvertent production of privileged or work product protected information is not a waiver of any applicable privilege in this suit.  If a party inadvertently produces privileged or work product protected information, the party shall, within a reasonable period of time upon discovery of the disclosure, advise the receiving party in writing and take reasonable steps to request the information be returned or destroyed.  The receiving party shall return or destroy the inadvertently produced information within five (5) days of the receiving party's receipt of a written request for the return or destruction of the information.

## VII.  SCOPE OF AGREEMENT

The parties agree this Protocol shall govern the conduct of ESI Document production with respect to the issues addressed in this Protocol.  The parties may, by written agreement, amend or otherwise modify this Protocol.  Nothing in this Protocol is intended to, or does, waive any objections to discovery or admissibility, or any other

[PROPOSED] STIPULATED ORDER RE: ELECTRONIC DISCOVERY PROTOCOL
Case No. 5:25-cv-00856-SSS(DTBx)

privileges or immunities or, except as specifically provided herein, impose obligations different than those contained in the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence. The parties recognize additional issues or unforeseen circumstances may arise in the course of discovery, and nothing in this Protocol is intended to, or does, restrict the ability of any party to request additional information or seek additional relief from the Court. The parties each retain the right to seek exceptions, amendments or modifications to this Protocol from the Court.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: _____ */s/ Robert E. Allen*
Counsel for Plaintiff Evox Productions, LLC

Dated: _____ */s/ Oliver J. Richards*
Counsel for Defendant Cargurus, Inc.

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: May 22, 2026

_____
Hon. David T. Bristow
United States Magistrate Judge

11
[PROPOSED] STIPULATED ORDER RE: ELECTRONIC DISCOVERY PROTOCOL
Case No. 5:25-cv-00856-SSS(DTBx)