Christopher S. Marchese (SBN 170239)
marchese@fr.com
Oliver J. Richards (SBN 310972)
orichards@fr.com
FISH & RICHARDSON P.C.
4695 MacArthur Court, Suite 1100
Newport Beach, CA 92660
Tel: (213) 533-4240 / Fax: (858) 678-5099

Adam J. Kessel (*pro hac vice*)
kessel@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive, 17th Floor
Boston, MA 02210
Tel: (617) 542-5070 / Fax: (617) 542-8906

Jessica Cohen-Nowak (*pro hac vice*)
cohen-nowak@fr.com
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Tel: (212) 765-5070 / Fax: (212) 258-2291

Attorneys for Defendant
CarGurus, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| EVOX PRODUCTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CARGURUS, INC. and DOES 1-10,<br><br>Defendants. | 5:25-cv-00856-SSS(DTBx)<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER** |

1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. GOOD CAUSE STATEMENT

This action is likely to involve sensitive business information relating to the operation of the website and associated image library, including customer and subscriber lists; pricing structures, revenue data, and licensing models; negotiated license agreements and non-public contractual terms; metadata architecture, tagging systems, and database structures; internal policies governing image ingestion, attribution, and rights management; website functionality, backend workflows, and related technical documentation; proprietary software, source code, and system configurations; and other confidential commercial, financial, technical, and trade secret information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information is generally unavailable to the public, may

also be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Public disclosure of such materials would create a substantial risk of competitive harm, including disclosure of trade secrets, proprietary licensing methodologies, pricing strategies, and sensitive operational data. Certain materials may also implicate third-party privacy rights and contractual confidentiality obligations. Good cause therefore exists under Federal Rule of Civil Procedure 26(c) for the entry of a protective order to prevent public dissemination of confidential commercial information and trade secrets and to restrict the use of such information solely to the prosecution and defense of this action.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

C. GOOD CAUSE STATEMENT FOR ATTORNEYS' EYES ONLY PROTECTIVE ORDER

CarGurus anticipates producing and/or making available for inspection certain technical and financial information, the sensitivity of which CarGurus believes warrants additional limitations on its dissemination. Examples of such technical information include source code and other technical documentation of similarly sensitivity regarding

the design and operation of CarGurus' website. This information is treated as highly-confidential and access to this information is closely guarded in the regular operation of CarGurus' business, which involves running a website. Public disclosure of this information would allow others to copy proprietary and other important aspects of CarGurus' website and could cause significant harm to its business.

As to financial information, CarGurus expects to produce financial information related to its business strategy, licensing-related decision-making, business practices, or other confidential research, development, or commercial information. This information is generally not disseminated within CarGurus' organization and access is limited to only those employees who require access to such information to perform their duties. If this information were to become public, it would present a significant risk to CarGurus' business and CarGurus would suffer competitive harm. Moreover, documents that contain sales data, revenue, advertising and marketing strategy, could result in improper use by business competitors seeking to replicate business practices and circumvent the time and resources necessary in developing their own practices and strategies materially affecting a party's ability to increase its competitive advantage.

For the avoidance of doubt, any financial information published by CarGurus in its annual reports or similar investment disclosures is public and will not be designated under the protective order. Similarly, information at a similar level of detail to the information disclosed in CarGuru's investment disclosures will not be designated attorneys' eyes only under the protective order, even if non-public, as the "Confidential" tier provides sufficient protections for such information. The parties have met-and-conferred and generally agree that the only financial information that may be appropriate designation as attorneys'-eyes-only will be highly-granular information, the disclosure of which would pose a significant risk of competitive harm should it become public and/or be revealed to eVox. Though the parties cannot yet predict exactly what documents and document types will or may be preduced in this litigation, CarGurus

expects that such information may need to be produced to answer eVox's discovery and to defend against eVox's allegations in this case.

The parties further agree that each will take care in designating information under this protective order. Moreover, the parties further agree that, to the extent there are disputes concerning the designation of a document, or should a party believe that only part of a document contains competitively-sensitive information requiring protection under the order, the parties will meet and confer in good faith to resolve any such disagreements. The parties also agree to provide reasonable accommodations for access to designated material should the parties believe sharing such information, even on a limited basis, would assist with informal resolution of the claims and defenses in this case.

In short, CarGurus believes that eVox's allegations necessarily implicate certain technical and financial information that is highly-confidential and closely-guarded at CarGurus. Good cause, therefore, exists for this Court to enter appropriate protections for CarGurus' highly-sensitive confidential information.

## 2. DEFINITIONS

2.1 Action: *Evox Productions, LLC v. CarGurus, Inc., et al.* Case 5:25-cv-00856-SSS-DTB

2.2 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items means non-public information that the Designating Party reasonably and in good faith believes is entitled to protection under Federal Rule of Civil Procedure 26(c) because its disclosure to persons other than those permitted by this Order would create a specific, identifiable, and non-speculative risk of competitive, commercial, financial, technical, proprietary, or privacy harm. "Confidential" Information or Items may include trade secrets and other non-public research, development, technical, commercial, financial, or personal

information, but only to the extent such information is actually confidential and the designation is narrowly tailored to material that legitimately warrants protection. Information shall not be designated "Confidential" merely because it is produced in discovery, has not been made public, is internal, reflects business communications, is embarrassing, or is adverse to the Designating Party's interests.. Information is not "Confidential" if it: (a) is publicly available at the time of disclosure; (b) becomes publicly available through no violation of this Order; (c) was lawfully known to the Receiving Party without restriction before disclosure in this action; or (d) is lawfully obtained by the Receiving Party from a third party not under any obligation of confidentiality to the Designating Party.

2.4 Counsel: Outside Counsel of Record and House Counsel including any external counsel that function as House Counsel (as well as their support staff).

2.5 Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL." or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6 Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items means only information that the Producing Party, in good faith and on a document-by-document basis, reasonably believes contains exceptionally sensitive, recent, non-public information the disclosure of which to the Receiving Party itself, as opposed to its outside counsel, would create a clearly defined and

serious risk of concrete harm that could not be avoided by designation as "Confidential." Information shall not be designated "Highly Confidential – Attorneys' Eyes Only" if the asserted harm can be adequately addressed through a "Confidential" designation, redaction, aggregation, or other less restrictive means. Material may not be designated "Highly Confidential – Attorneys' Eyes Only" merely because it is proprietary, internal, commercially sensitive, related to revenues, costs, profits, or financial performance, or because the Producing Party would prefer that the Receiving Party not review it—though the parties recognize that proprietary, highly-technical trade secrets may be appropriate for AEO treatment and that highly-granular and competitively-sensitive financial information may also be appropriate for AEO treatment. The Producing Party bears the burden of showing that any "Highly Confidential – Attorneys' Eyes Only" designation is narrowly tailored and justified under this Order.

2.9 House Counsel: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel or any other outside counsel.

2.10 Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

2.13 Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.16 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.17 Outside Counsel: Outside Counsel of Record in this Action.

2.18 Source Code: Non-public human-readable instructions in a programming language, including native code, scripts, configuration files, database schemas, or similarly sensitive technical material.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time

limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

For information made available for inspection and copying, a Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.

For Source Code: During the inspection and before the designation, all Source Code made available for inspection shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The inspecting party shall only request copies of materials it reasonably believes necessary to advance any claim or defense in this matter, and the parties shall meet-and-confer in good faith should any disputes arise as to the manner of number of copies.

For all other documents: During the inspection and before the designations, all materials other than Source Code shall be treated as "CONFIDENTIAL," unless the Producing Party identifies specific categories that qualify for temporary "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment.

After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify (1) on the record, before the close of the deposition, hearing, or other proceeding, or (2) within 14 days of receipt of the final transcript, the level of protection being asserted.

The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material inclusive of material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall have an obvious legend on the title page that the transcript contains Protected Material. Any transcript that was not designated on the record pursuant to the first paragraph of section 5.2(b) above shall be treated during the 14 day period for designation as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or as of such earlier time that such transcript is designated, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Any party that inadvertently or

unintentionally produces Protected Material without designating it (i.e., as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. Subject to the remainder of this subsection 5.3, the recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials.

Upon timely notice of a corrected designation, the Receiving Party must make reasonable efforts to retrieve, relabel, and thereafter treat any documents, information or material derived from or based on the designated materials in accordance with the corrected designation. No party shall be required as a result of a corrected confidentiality designation to destroy or delete attorney work product, deposition outlines, notes, databases, or other material that may have incorporated the undesignated material before notice of the corrected designation, provided that any such material shall thereafter be treated in accordance with the corrected designation and shall not be disclosed except as permitted by this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3 Judicial Intervention. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Likewise, clearly

unjustified designations or designations made for an improper purpose may expose the Designating Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action and shall not be used for any other purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses (i) if the witness is the author, recipient, custodian, prior possessor, or a current/former employee of the designating party with knowledge of the information, or (ii) in the Action to whom disclosure is reasonably necessary provided: (A) The deposing party requests that the witness sign the form attached as Exhibit A hereto; and (B) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as employees of said Experts or Experts' firms to whom disclosure is reasonably necessary for this Action;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information or is employed by the Designating Party;

(g) during their depositions, witnesses, and attorneys for witnesses, if the witness is the author, recipient, custodian, prior possessor, or a current/former employee of the Designating Party with knowledge of the information. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.; and

(i) Up to three representatives of a Party's legal department who are not involved in competitive decisions.

For eVox, these representatives may include: Stuart Pardau, Barry Thompson and Hazel Martinez. For CarGurus, these representatives may include Tyler Sparrow

and two other representatives of CarGuru's in-house legal department whom Mr. Sparrow may designate. Each representative shall sign the Acknowledgment and Agreement to Be Bound, and the signed Acknowledgments shall be served on the opposing party. The parties represent that any information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shared with these representatives will be stored in secure systems comparable to what the attorney's to this action may use for the secure storage of sensitive information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its

confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce

any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. ELECTRONIC DISCOVERY PROVIDERS AND DATA BREACHES.

The following provisions shall govern the use of third-party electronic discovery providers:

(a) If a Receiving Party utilizes a third-party electronic discovery provider to host document productions from a Producing Party, the Receiving Party shall make reasonable efforts to select a provider that complies with at least one of the then-current versions of the following standards: (a) the International Organization for Standardization's 27001 standard; (b) the National Institute of Standards and Technology's (NIST) 800-53 standard; (c) the Center for Internet Security's Critical Security Controls; or (d) the most recently published version of another widely recognized industry or government cybersecurity framework. The Receiving Party may do so by, for example, confirming that the provider's webpage states that it is compliant with one or more such standards.

(b) If a Receiving Party becomes aware that any unauthorized access, use, or disclosure of Protected Materials or devices containing Protected Materials that compromises the security, confidentiality, or integrity of the producing Party's information has occurred at its third-party electronic discovery provider ("Security Incident"), the Receiving Party shall in the most expedient time possible and without unreasonable delay, consistent with the legitimate needs of law enforcement and any measures necessary to determine the scope of the Security Incident and restore the reasonable integrity of affected data system(s), notify the Producing Party in writing and provide assistance, to the extent reasonable and practicable under the circumstances, to the producing Party's investigation of the Security Incident.

(c) For the avoidance of doubt, nothing in this Section is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Security Incident.

12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14. FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 11, 2026

*/s/ Robert E. Allen*

Attorneys for Plaintiff

DATED: August 11, 2026

*/s/ Oliver J. Richards*

Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: August 12, 2026

______________________________________

United States Magistrate Judge David T. Bristow

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _______________________________ [print or type full name], of _________________________________________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of EVOX PRODUCTIONS, LLC v. CARGURUS, INC. and DOES 1-10, Case No. 5:25-cv-00856 (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint ____________________________ [print or type full name] of __________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _________________________________________

City and State where sworn and signed: ____________________________________

Printed name: __________________________________

Signature: ____________________________________